CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
SEA TRANSPORT CONTRACTORS LIMITED
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FAR EASTERN SHIPPING CO., PLC,                :
                                              :
                                              :
              Plaintiff,                      :    07 CV 9887 (PAC)
                                              :
    - against -                               :
                                              :
                                              :
SEA TRANSPORT CONTRACTORS LIMITED,  :
MARACHART SHIPPING CO., LTD.,                 :
SWORD TRADING S.A., AMBIENT                   :
SHIPHOLDING CO., S.A., and                    :
TOUGH TRADER MARITIME PTE LTD.,               :
                                              :
              Defendants.                     :
------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT
## SEA TRANSPORT CONTRACTORS LIMITED'S
## MOTION TO VACATE
## THE PROCESS OF MARITIME ATTACHMENT

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

LEGAL ARGUMENT ..................................................................................................... 3

    I.    CONTINGENT INDEMNITY CLAIMS ARE NOT A PROPER
          BASIS FOR A RULE B MARITIME ATTACHMENT ........................ 3

CONCLUSION ................................................................................................................ 4

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

<u>Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.</u>,
     460 F.3d 434 (2d Cir. 2006)..................................................................................4

<u>Bottiglieri di Navigazione SPA v. Tradeline LLC</u>,
     472 F. Supp. 2d 588, 2007 U. S. Dist. LEXIS 8278 (S.D.N.Y. Feb. 6, 2007).......3

<u>Greenwich Marine v. S.A. ALEXANDRIA</u>,
     339 F.2d 901 (2nd Cir. 1965)...............................................................................4

<u>J.K. Int'l, Pty., Ltd., v. Agriko S.A.S.</u>,
     2007 U.S. Dist. LEXIS 10074 (S.D.N.Y. Feb. 13, 2007)............................3

<u>Sonito Shipping Co., Ltd. v. Sun United Maritime, Ltd.</u>,
     2007 U.S. Dist. LEXIS 19531 (S.D.N.Y. Mar. 19, 2007)........................3, 4


**STATUTES and RULES**

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B.................................................................................................................1, 3

## PRELIMINARY STATEMENT

This Memorandum of Law is presented on behalf of defendant Sea Transport Contractors, Ltd. in support of the defendant's petition for vacatur of the Process of Maritime Attachment that has been issued in this matter against the property of the Defendants Sea Transport Contractors, Ltd. (hereinafter "STC"), Marachart Shipping Co., Ltd. (hereinafter "Marachart"), Sword Trading S.A. (hereinafter "Sword"), Ambient Shipholding Co. S.A. (hereinafter "Ambient") and Tough Trader Maritime Pte, Ltd. (hereinafter "Tough Trader").

The plaintiff, Far Eastern Shipping Co., PLC. (hereinafter "FESCO") has obtained a Process of Maritime Attachment and Garnishment from this Court to restrain the property of the defendants in an amount of $11,914,682.38 in order to secure contractual claims, the merits of which will decided by a panel of arbitrators in London and/or by the High Court in London.

By standards established by the district courts for the Southern District of New York, the amount of the Process of Attachment is grossly excessive in that FESCO is seeking substantial amounts for claims that have not yet accrued.

In sum, the Plaintiff's attachment violates the minimal requirements of Rule B. Accordingly, Defendant STC's motion to vacate the attachment, in its entirety, should be granted.

## STATEMENT OF FACTS

For the limited purposes of this Motion to Vacate, only, the Defendant STC requests the Court to assume that the allegations set forth in the Plaintiff's Amended Complaint, dated January 14, 2008, to be true. Furthermore, the Court has issued an Process of Maritime Attachment that the permits the Plaintiff to restrain the property of the Defendants that can be

1

found in this district up to the not insignificant amount of $11,914,682.38. *See,* Exhibit A hereto.

As set forth in the Plaintiff's Amended Complaint, the Plaintiff, FESCO, is asserting several claims sounding in breach of contract against the Defendant STC and the other Defendants. *See,* Amended Complaint at ¶s 25 to 31. The Plaintiff, FESCO, seeks damages in the amounts of: $699,642.57 or $683,784.00, *see,* Amended Complaint at ¶s 66 & 67; $185,645.00, *see,* Amended Complaint at ¶68; $5,024,000.00, *see,* Amended Complaint at ¶ 69; $164,000.00, *see,* Amended Complaint at ¶ 70; $653,675.81, *see,* Amended Complaint at ¶ 71; and, for interest, attorneys' fees and arbitrators' fees, which may be recoverable, in the amount of $5,187.719.00, *see,* Amended Complaint at ¶ 72.

Based on the Plaintiff FESCO's own allegations, it is clear that the majority of the damages sought by FESCO are for claims that are contingent and, otherwise, not yet accrued. For example, the claim for $5,024,000.00 is asserted in connection with cargo claims presented to FESCO and for which Plaintiff "***may be***" found liable and for which the Plaintiff is not providing security to the cargo claimants. *See,* Amended Complaint at ¶ 69 (emphasis added). According to the Plaintiff, if the Plaintiff is found to have any liability to the cargo claimants, the Plaintiff will be "entitled to full indemnification from STC for any such liability…". *See,* Amended Complaint at ¶ 69. Similarly, the Plaintiff has not yet incurred any liability for the sums set forth to pursue such indemnity claims against STC in the amount of $5,187,719.00. *See,* Amended Complaint at ¶ 72. Accordingly the overwhelming bulk of the Plaintiff's claim against STC, in the amount of $10,211,719.00 is to cover only potential liabilities on claims that have not yet accrued.

# LEGAL ARGUMENT

## POINT I

### CONTINGENT INDEMNITY CLAIMS ARE NOT A PROPER BASIS FOR A RULE B MARITIME ATTACHMENT

The weight of authority from the district courts for the Southern District of New York demonstrates that claims based on a contingent indemnity are not a proper foundation for a Rule B attachment. Such claims are not ripe and, therefore, they do not constitute a *prima facie* maritime claim, which is the fundamental requirement for a maritime attachment.

The majority of the district judges of this Court have vacated maritime attachments based upon comparable claims for contingent indemnity. In J.K. Int'l, Pty., Ltd. v. Agriko S.A.S, Judge Karas noted "Plaintiff's claims against defendant are therefore for indemnity only", and he went on to hold that the charterer's claim for contingent indemnity against cargo receivers "is simply too thin a reed to rest on when Plaintiff carries the burden of defending the Attachment." 2007 U.S. Dist. LEXIS 10074 (S.D.N.Y. Feb. 13, 2007); *see also*, Bottiglieri di Navigazione SPA v. Tradeline LLC, 472 F. Supp. 2d 588, 2007 U.S. Dist. LEXIS 8278 (S.D.N.Y. Feb. 6, 2007) (Kaplan, J., held where back-to-back charter parties required that contract disputes be arbitrated in London under English law, the shipowner had settled cargo receivers' claim for damages, and the shipowner had announced its intention to seek to recover that payment from the head charterer in arbitration, the head charterer's claim for contingent indemnity against sub-charterer could not sustain a maritime attachment of the sub-charterer's property because the claim for indemnity was not ripe.).

In Sonito Shipping Co., Ltd. v. Sun United Maritime, Ltd., Judge Haight vacated an attachment where the claim against the defendant was for indemnity and the obligation to indemnify only arose once the underlying claim was met. 2007 U.S. Dist. LEXIS 19531 * 20

3

& 21 (S.D.N.Y. Mar. 19, 2007). Citing to the Court of Appeals' decision in <u>Greenwich Marine v. S.S. ALEXANDRIA</u>[1], 339 F.2d 901 (2nd Cir. 1965), Judge Haight observed that not all doctrines of accrual have been abrogated in admiralty. 2007 U.S. Dist. LEXIS 19531 * 20. In his opinion, Judge Haight concluded that when a claim is contingent and has not accrued, then the plaintiff is unable to establish a valid *prima facie* admiralty claim as required by <u>Aqua Stoli</u>. 2007 U.S. Dist. LEXIS 19531 * 30. The writ of attachment was vacated, and the complaint dismissed. 2007 U.S. Dist. LEXIS 19531 * 31.

As evidenced by Plaintiff's own allegations, the overwhelming bulk of the Plaintiff FESCO's claim asserted against the Defendants in this case is for contingent liabilities that *may* be asserted by way of indemnity, but certainly those claims have not yet accrued. Consistent with the weight of authority, the Plaintiff FESCO does not, therefore, possess a valid *prima facie* admiralty claim required by <u>Aqua Stoli</u> for the amount of $10,211,719.00

## CONCLUSION

For the reasons set forth above, the attachment should be vacated in its entirety or, at the very least, be reduced such that the Process of Attachment only permits the Plaintiff to obtain security for its direct claims which amount to $699,642.57 or $683,784.00, plus $185,645.00 and $653,675.81 for a maximum total of $1,538,963.30 and not the exorbitant amount of $11,914,682.38, which is nearly eight times more than what the plaintiff could conceivably be entitled to.

---

[1] The Second Circuit made clear in <u>Greenwich</u> that "[t]he prematurity objection has been ignored only in isolated situations under peculiar factual circumstances," 339 F.2d at 905, none of which are applicable here.

Dated: Port Washington, New York
February 15, 2008

                                         CHALOS O'CONNOR & DUFFY, LLP
                                         Attorneys for Defendant
                                         SEA TRANSPORT CONTRACTORS, LTD.

By: _____
                                         Owen F. Duffy (OD-3144)
                                         366 Main Street
                                         Port Washington, New York 11050
                                         Tel:   516-767-3600
                                         Telefax: 516-767-3605
                                         Email: ofd@codus-law.com

To:    Via ECF
        Clerk of the Court
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, New York 10007


To:    Via ECF
        BLANK ROME LLP
        Attorneys for the Plaintiff,
        FAR EASTERN SHIPPING CO., PLC
        405 Lexington Avenue
        New York, NY 10174
        Tel: (212) 885-5000
        Fax: (212) 885-5001


        Attn: Thomas H. Belknap, Esq.