BLANK ROME, LLP
Attorneys for Plaintiff
FAR EASTERN SHIPPING CO. PLC.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Thomas H. Belknap, Jr.
Tel: (212) 885-5000
Fax: (212) 885-5001
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAR EASTERN SHIPPING CO. PLC.,<br><br>Plaintiff,<br><br>-against-<br><br>SEA TRANSPORT CONTRACTORS LIMITED, MARACHART SHIPPING CO. LTD. and, SWORD TRADING S.A., AMBIENT SHIPHOLDING CO., S.A. and TOUGH TRADER MARITIME PTE LTD.,<br><br>Defendants. | Docket No.: 07 Civ. 9887 (PAC) |

**AFFIDAVIT OF THOMAS H. BELKNAP, JR. IN OPPOSITION
TO MOTIONS BY SEA TRANSPORT AND BY
MARACHART *ET AL* TO VACATE ATTACHMENTS**

State of New York       :
                        :  ss:
County of New York      :

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says as follows:

1. I am a partner of the law firm Blank Rome LLP, counsel for plaintiff FAR EASTERN SHIPPING CO. PLC. ("FESCO") in this matter, and am the attorney principally responsible for the handling of this matter. I am fully familiar with the facts stated herein and, to the extent I may not have personal knowledge as to any particular fact stated herein, I make such statement on information and belief based on information supplied to me by my client. I make this affidavit in support of FESCO's opposition to the motions by Sea Transport Contractors Limited ("STC") and by Marachart Shipping Co. Ltd. ("Marachart"), Sword Trading S.A. ("Sword"), Ambient Shipholding Co., S.A. ("Ambient") and Tough Trader Maritime Pte Ltd. ("Tough Trader"), seeking to vacate the orders of attachment against them in this matter.

**The Claims Against Defendant STC**

2. The factual allegations supporting FESCO's attachments in this matter are fully stated in the Amended Complaint dated January 14, 2008 in this matter, a true and accurate copy of which is attached hereto as Exhibit 1.

3. As can be seen in the Amended Complaint, this dispute arises out of a charter between FESCO and defendant STC dated September 9, 2005 (the "Charter") for the ocean-going cargo vessel M/V CHELYABINSK (the "Vessel"). A true and accurate copy of the Charter is attached hereto as Exhibit 2.

4. Without repeating all of the factual allegations concerning the merits of the dispute, which are detailed at paragraphs 2-24 of the Amended Complaint (and the merits of which are subject to arbitration in London pursuant to clause 45 of the Charter and/or before the High Court in London pursuant to the Letters of Indemnity), the claims broadly relate to disputes between the parties relating to a carriage of a cargo of rice from China to certain ports in Africa. In particular, disputes have arisen in respect of alleged

cargo damage and in respect of certain instructions given by STC relating to the discharge of the cargo other than as provided for in the relevant bills of lading.

5. In connection with STC's revised discharge instructions, STC issued so-called "letters of indemnity" in favor or FESCO by which it undertook to protect FESCO from the legal consequences vis-à-vis third parties which may arise from FESCO's following STC's instructions relating to the discharge of the cargo. On information and belief based on information provided to me by my client, a true and accurate copy of the letters of indemnity received by FESCO from STC in this respect are attached hereto as Exhibit 3. As can be seen, in those letters of indemnity STC undertook as follows:

> 1. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatever nature which you may sustain by reason of the ship proceeding and giving delivery of the cargo in accordance with our request.
>
> 2. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the ship proceeding and giving delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend same.
>
> 3. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel ... to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of each such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

6. As is detailed in the Amended Complaint at paragraphs 15-22, substantial litigation ensued following FESCO's discharge of the cargo in compliance with STC's instructions. This included litigation in Lome, Togo relating to alleged cargo damage, in respect of which FESCO's insurers were ultimately required to give security in the form of a UK

P&I Club Letter of Undertaking ("LOU") in the amount of €113,411. A true and accurate copy of this letter of undertaking is attached hereto as Exhibit 4. That claim remains outstanding against Plaintiff, and the LOU continues to stand as security for that claim.

7. To date, STC has failed to post security or indemnify Plaintiff in respect of its costs and expenses incurred in respect of this claim.

8. Additionally, after all cargo was discharged from the Vessel in Lome, the cargo consignees in respect of the bills of lading relating to cargo discharged at Lome arrested the Vessel in respect of alleged losses resulting from the allegedly wrongful discharge and detention of the cargo by STC in Lome. Although this arrest was ultimately set aside by the court in Togo on February 24, 2006, and the Vessel was allowed to sail from Lome, on or about March 18, 2006, Credit Agricole (Suisse) S.A. and Banque Cantonale de Geneve S.A., as consignees on certain of the above-referenced bills of lading for cargo ultimately discharged at Lome, commenced an action in the High Court of the Republic of Singapore arresting the M/V VASILY GOLOVNIN, alleging she is a "sistership" of the Vessel, with common ownership by FESCO, and seeking security in respect of their claims against Plaintiff for wrongful discharge and detention of the cargo. (See Amended Complaint at ¶¶ 20-21).

9. Substitute security in the form of a UK P&I Club LOU in the total amount of $6,898,680 was given on behalf of Plaintiff to the cargo claimants in the Singapore Action to obtain the release of the M/V VASILY GOLOVNIN from arrest; however, that provision of security was subject to whatever defenses Plaintiff might have to the validity of the arrest. True and accurate copies of these letters of undertaking are attached hereto as Exhibit 5.

10. FESCO subsequently applied to set aside the arrest in the Singapore Action and to dismiss that action. As of the date of this affidavit, Plaintiff's application has been granted by the lower court but that order remains the subject of appeal by Credit Agricole to the Singapore Court of Appeal. In the event the appeal succeeds, FESCO will be required to reinstate the security given to the cargo interests.

11. Although duly demanded by FESCO, STC has failed to post security to the cargo interests in respect of this claim and has failed to indemnify Plaintiff in respect of its costs and expenses incurred in respect of this claim.

12. The cargo consignees' substantive claims against Plaintiff are subject to London arbitration, and on or about April 13, 2007 Credit Agricole (Suisse) S.A., Banque Cantonale de Geneve S.A. and BNP Paribas all commenced arbitration in London against Plaintiff pursuant to the bills of lading, seeking full recovery in respect of the above-referenced claims. True and accurate copies of the cargo interests' demands for arbitration are attached hereto as Exhibit 6. In total, the cargo interests' principal claims are asserted to be $5,024,000.

13. As can be seen in paragraphs 25-30 of the Amended Complaint, FESCO alleges that STC breached the Charter by, *inter alia*, giving invalid orders to proceed to Lome and to deliver the cargo there. It also alleges that STC is obliged to indemnify Plaintiff in respect of its losses and liability complained of herein pursuant to clause 8 of the Charter.

14. Additionally and/or alternatively, FESCO alleges that STC breached the letters of indemnity by, *inter alia*, failing to indemnify Plaintiff in respect of "any liability, loss, damage or expense of whatsoever nature which [Plaintiff] may sustain by reason of delivering the cargo in accordance with [STC's] request."

15. Additionally and/or alternatively, FESCO alleges that STC breached the letters of indemnity by, *inter alia*, failing, once suit and arbitration were commenced by the cargo interests against Plaintiff, to provide it "with sufficient funds to defend to same."

16. Additionally and/or alternatively, in respect of the arrests of Plaintiff's ships in Lome and again in Singapore, FESCO alleges that STC breached the letters of indemnity by, *inter alia*, failing to provide "such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property ... and to indemnify [Plaintiff] in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest ... whether or not such arrest or detention or such interference may be justified."

### The Alter Ego Allegations

17. In the Amended Complaint, in addition to stating claims against defendant STC, FESCO has also asserted claims against the other captioned defendants alleging that they are merely alter egos of STC and thus should be held liable on FESCO's claims herein to the same extent as STC.

18. The factual allegations are fully detailed in the Amended Complaint (¶¶ 32-62) and will not be restated here. Appended hereto, however, and discussed in the following paragraphs, are certain documents and evidence collected by FESCO which support the factual allegations asserted in the Amended Complaint concerning the alter ego status of defendants Marachart, Sword, Ambient and Tough Trader. It is to be noted that this is not an exhaustive compilation of all evidence in FESCO's possession on this subject; rather it is intended to highlight some of the more compelling evidence collected to date.

19. Attached as exhibit 7 are documents obtained from the Lloyd's Register website supporting the allegations the Amended Complaint concerning the common ownership and addresses among the defendants.

20. Attached as exhibit 8 is a payment confirmation supporting the allegation in paragraph 42 of the Amended Complaint that Marachart made a payment directly to Plaintiff in respect of outstanding hire owed by STC, as they did for the time period December 21, 2005 – January 5, 2006, notwithstanding that STC was the signatory to the Charter and Marachart was not.

21. Although STC was the nominal charterer, Plaintiff routinely received communications/instructions directly from Marachart in respect of the Vessel. Indeed, as can be seen from exhibit 3 attached hereto, Captain John Mavrommatis, an employee of Marachart according to Anastasios Raisis (Raisis Dec. ¶ 43), signed the Letters of Indemnity referred to above for STC.

22. Attached as exhibit 9 is a true and accurate copy of a declaration signed by Anastasios Raisis in connection with a lawsuit in this District captioned <u>Sea Transport Contractors Ltd. v. Industries Chimiques du Senegal</u>, 05 cv 10271 (RCC). This declaration is referred to at ¶¶ 38, 40, 41, 47, 58 and 60 of the Amended Complaint.

23. Attached as exhibit 10 is correspondence from representatives of certain garnishee banks in New York showing that on at least three occasions in December 2007 and January 2008, Marachart made payments by wire transfer in which it indicated that it is was making the transfers "c/o Ambient" of "c/o Tough Trader."

24. Attached as exhibit 11 is a copy of a first preferred ship mortgage (with free translation of relevant portions) supporting the allegation in paragraph 53 of the Amended Complaint that by instrument dated June 26, 2007, a first preferred ship mortgage was recorded in Panama in respect of the M/V PIONEER TRADER in favor of Laiki Bank (Hellas) S.A. According to that instrument, Laiki entered into a loan agreement with Sword, Ambient and Tough Trader as joint borrowers on a decreasing revolving credit facility up to $7 million, for which the M/V GRAIN TRADER, the M/V PIONEER TRADER and the M/V TOUGH TRADER were pledged as collateral.

25. Exhibit 11 further supports the allegations at paragraph 54 of the Amended Complaint that Marachart is identified as "Administrator" in respect of this loan transaction, and the instrument indicates that all notices shall be sent ". . . to the shipowner: c/o Marachart Shipping Company Limited, 5 Kapodistrion Street, Metamorfossi 144 52, Attiki, Greece . . . ." Marachart is also the "corporate guarantor" for each of Sword, Ambient and Tough Trader, whose accounts are considered collectively as "combined accounts" for the purposes of the loan facility.

26. As exhibit 11 further shows, there is a definition of "Group" in the loan agreement which refers collectively to Sword, Ambient and Tough Trader and each other party in the corporate guarantee (which includes Marachart as "corporate guarantor") or those companies that enjoy "substantially the same beneficial ownership" that Sword, Ambient and Tough Trader enjoy or the ships that they own or that Marachart administers. In other

words, all of those companies that are part of the Raisis group of companies are defined as being part of the "Group" within the loan agreement. (See Amended Complaint ¶ 55).

_____
Thomas H. Belknap, Jr.

Subscribed and sworn to before me
this 28th day of February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires: Nov. 30, 2009

601650.00603/6619846v.1