CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendants,
MARACHART SHIPPING CO. LTD.,
SWORD TRADING S.A., AMBIENT
SHIPHOLDING CO. S.A. and TOUGH
TRADER MARITIME PTE LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:     516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FAR EASTERN SHIPPING CO., PLC,          :
                                         :
                                         :
                        Plaintiff,       :      07 CV 9887 (PAC)
                                         :
    - against -                          :
                                         :
                                         :
SEA TRANSPORT CONTRACTORS LIMITED,       :
MARACHART SHIPPING CO., LTD.,            :
SWORD TRADING S.A., AMBIENT              :
SHIPHOLDING CO., S.A., and               :
TOUGH TRADER MARITIME PTE LTD.,          :
                                         :
                        Defendants.      :
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MARACHART SHIPPING CO. LTD., SWORD TRADING S.A., AMBIENT
SHIPHOLDING CO. S.A. and TOUGH TRADER MARITIME PTE LTD.
<u>MOTION TO VACATE THE PROCESS OF MARITIME ATTACHMENT</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ………………………………………………..………......ii

TABLE OF AUTHORITIES ………………………………………………..............iii

PRELIMINARY STATEMENT...……………………..……………………...…………….1

LEGAL ARGUMENT……………………………………………….................................1

    I.     THE PLAINTIFF, FESCO, HAS NOT MET ITS BURDEN TO MAINTAIN THE ATTACHMENT AS AGAINST THE ALTER EGO DEFENDANT MARACHART……………………………………..1

    II.    IN ANY EVENT, THE PLAINTIFF FESCO HAS NOT ESTABLISHED A PRIMA FACIE CLAIM AGAINST THE DEFENDANT MARACHART……………………………………………..3

    III.   THE PLAINTIFF FESCO'S CLAIM FOR ALTER EGO LIABILITY AS AGAINST DEFENDANTS SWORD, AMBIENT AND TOUGH TRADER IS STRETCHED WAY TO THIN TO MAINTAIN A PREJUDGMENT ATTACHMENT……………………………………………..……….5

CONCLUSION………………………………………………………………...............10

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.,
    460 F.3d 434 (2d Cir. 2006)..................................................................................1, 3

Blueye Navigation v. Oltenia Navigation,
    1995 U.S. Dist. LEXIS 1844 (S.D.N.Y. Feb. 15, 1995)................................2

DET Bergenske Dampskibsselskab v. Sabre Shipping Corp.,
    341 F.2d 50 (2d Cir. 1965)..................................................................................2

Dolco Invs., Ltd. v. Moonriver Dev., Ltd.,
    486 F. Supp. 2d 261 (S.D.N.Y. 2007)................................................2, 9

Dow Chemical Pacific, Ltd. v. Rascator Maritime S.A.,
    782 F.2d 329 (2d Cir. 1986)..................................................................................6

ITEL Containers Int'l Corp. v. Atlanttrafik Express Service, Ltd.,
    909 F.2d 698 (2d Cir. 1990)..................................................................................6

MAG Portfolio Consult, GmbH v. Merlin Biomed Group, LLC,
    268 F.3d 58 (2d Cir. 2001)..................................................................................7

Northern Tankers (Cyprus) v. Backstrom,
    967 F. Supp. 1391 (D. Conn. 1997)..................................................................................6

Ullises Shipping Corp. v. FAL Shipping Co., Ltd.,
    415 F. Supp. 2d 318 (S.D.N.Y. 2006)
    *overruled on other grounds,* Aqua Stoli Shipping Ltd. v. Gardiner
    Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006) ..................................3, 5

Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Limited,
    2006 U.S. Dist. LEXIS 77033 (S.D.N.Y. Oct. 23, 2006)........................6, 7, 9

**STATUTES and RULES**

*Fed. R. Civ. P.,* Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule B..................................................................................1, 2, 5

*Fed. R. Civ. P.,* Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E..................................................................................1

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E(4)(f)................................................................................................................1

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
    Rule E(8)....................................................................................................................3

## **PRELIMINARY STATEMENT**

This Reply Memorandum of Law is presented on behalf of defendants Marachart Shipping Co., Ltd. (hereinafter "Marachart"), Sword Trading, S.A. (hereinafter "Sword"), Ambient Shipholding Co., S.A. (hereinafter "Ambient") and Tough Trader Maritime Pte Ltd. (hereinafter "Tough Trader") to address the points raised in Plaintiff Far Eastern Shipping Co., PLC's (hereinafter "FESCO") opposition to the defendants' petition for vacatur of the Process of Maritime Attachment that has been issued in this matter against the property of defendants Marachart, Sword, Ambient and Tough Trader.

## **LEGAL ARGUMENT**

### **POINT I**

### **THE PLAINTIFF, FESCO, HAS NOT MET ITS BURDEN TO MAINTAIN THE ATTACHMENT AS AGAINST THE ALTER EGO DEFENDANT MARACHART**

As Plaintiff FESCO readily concedes, the Court of Appeals decision in Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd. provides the guidelines for the district court's inquiry at Rule E(4) (f) hearing to determine whether a Rule B attachment should be maintained.

According to the Court of Appeals, the plaintiff has the burden to show not only that it as met the filing and service requirements of Rules B and E, but also that: (1) it has a *prima facie* admiralty claim; (2) the named defendants cannot be found within the district; (3) the defendant's property was within the district; and (4) there is no statutory or maritime law bar to the attachment. Aqua Stoli, 460 F.3d 434, 455 (2d Cir. 2006).

For the case at hand, the Plaintiff FESCO has simply failed to meet its burden with respect to the Defendant Marachart. Separate and apart from the argument that FESCO does not have a *prima facie* maritime claim to assert against Marachart, there is no dispute that the

defendant Marachart's property has not been found within the Southern District of New York. The Plaintiff FESCO has been serving a Writ of Attachment on numerous garnishees since January 15, 2008, and the Plaintiff FESCO has yet to effect legal process against any property belonging to the defendant Marachart within that time. Indeed, the Plaintiff FESCO readily admits that the only funds that have been restrained pursuant to the Writ of Attachment are the sums of $137,002.59 & $145,590.30 that were either being remitted to or from the Defendant Tough Trader and the sum of $3,423.00 that was being remitted either to or from the Defendant Ambient. *See*, Memorandum of Law in Opposition at pg. 1.

In Blueye Navigation v. Oltenia Navigation, 1995 U.S. Dist. LEXIS 1844, at *13 (S.D.N.Y. Feb. 15, 1995), the district court dismissed the action as the plaintiff failed to meet the most basic requirement of Rule B attachment in that the plaintiff was unable to locate any property of the defendant in the district to attach. The caselaw, the authorities, and basic logic demonstrate that no *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached. *See id*. For a Rule B attachment to be appropriate, it is clear that there must be property must be located within the district and the property must belong to the defendant. *See* DET Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50, 53-54 (2d Cir. 1965) (property attached in Eastern District of New York did not provide jurisdiction over defendant in the Southern District), *and see*, Dolco Investments, Ltd. v. Moonriver Development, Ltd., 486 F. Supp. 2d 261, 270 (S.D.N.Y. 2007)(Judge Sweet held that since the plaintiff failed to establish that it detained funds of the defendant, no funds were attached and, therefore, Judge Sweet vacated the as against the defendant GML and the complaint was dismissed.).

Since the Plaintiff FESCO has failed to identify, locate or effect legal process on any property of the Defendant Marachart within the Southern District of New York and there is, otherwise, no basis for the district court to exercise personal jurisdiction over the Defendant

2

Marachart[1], the Complaint must be dismissed and the Process of Attachment must be vacated as to Defendant Marachart.

## POINT II

### IN ANY EVENT, THE PLAINTIFF FESCO HAS NOT ESTABLISHED A PRIMA FACIE CLAIM AGAINST THE DEFENDANT MARACHART

As is clear from the Memoranda of Law submitted in this case, there has been some disagreement among the district courts regarding the standard that the courts should apply when deciding whether to vacate a maritime attachment challenged at a Supplemental Rule E(4)(f) hearing. *See,* Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Prior to Aqua Stoli, it was generally understood that a plaintiff present "reasonable grounds" for sustaining an attachment based on an alter ego claim. Ullises Shipping Corp. v. FAL Shipping Co., 415 F.Supp.2d 318, 322-23 (S.D.N.Y. 2006) (a plaintiff asserting corporate alter egos need not definitively establish domination and control, but must present enough evidence to convince the court that there are reasonable grounds for piercing the corporate veil). However, no matter what standard is used, the Plaintiff FESCO has not adequately plead its claim that Marachart dominated STC nor has FESCO provided any reasonable grounds in support of its alter ego claim against Marachart.

The Defendant Marachart's full position on the alter ego theory advanced by FESCO has already been set forth in the Memorandum of Law to Vacate. Suffice it say that the Defendant Marachart submits that Plaintiff FESCO has not even begun to adequately address the argument therein and, instead, seeks to rely on conclusory allegations. In particular, the Plaintiff FESCO has no reasonable grounds to support any inference that Marachart dominated

---

[1] The Defendant Marachart Shipping Co., Ltd. has only entered a restricted appearance in this case in accordance with Supplemental Rule E (8) and, therefore, has not submitted itself to personal jurisdiction before the district court.

3

STC to such a high degree that the corporate veil of STC may be pierced to hold Marachart liable in connection with the charter of the M/V CHELYABINSK.

As a preliminary matter, the merits of the underlying claim against STC are dubious to the extent that STC did not breach the charter by giving invalid orders to proceed to Lome and discharge the cargo there because FESCO always confirmed that the port of discharge was Lome. The merits of the claim aside, for the purposes of this motion, it is, however, ironic that FESCO now seeks to hold Marachart liable as an alter ego of STC when, at the time the underlying dispute arose, FESCO would not accept an STC Letter of Indemnity that was to be signed by STC's agent Marachart. Instead, FESCO insisted that the LOI be signed by Mr. Raisis in is his capacity as director of STC. *See*, Declaration of Anastasios Raisis at ¶ 47. Accordingly, FESCO knew all along that STC and Marachart were two different companies that performed completely separate missions because FESCO itself treated them differently It is, therefore, it is disingenuous for FESCO to now attack Marachart as being a company that dominated and used STC for its own purposes.

In any event, the overarching point that needs to be considered and which FESCO has not adequately addressed in its opposition, is that the FESCO Amended Complaint does not make any factual allegations to support the inference that Marachart exercised complete domination over Marachart and FESCO has not, otherwise, provided any reasonable grounds to support such an inference. Despite thirty separate allegations in the Second Count, i.e. Alter Ego/Veil Piercing, none of those allegations shows that corporate formalities were disregarded, none of them show that STC was inadequately capitalized, none of them show that there was any intermingling of funds between STC and Marachart, none of them show that the companies did not deal with each other at arms length and, certainly, there is no showing that there was an intermingling of property between STC and Marachart. *See*

4

*generally*, Amended Complaint at ¶s 32 to 62. Indeed, FESCO does not even allege that Marachart ever even guaranteed the debts of STC. Instead, FESCO seeks to confuse the issue with its allegations that Marachart was a "guarantor" of the other Defendants, Sword, Ambient and Tough Trader, *see*, Amended Complaint at ¶ 54, but such an allegation is irrelevant and not sufficient to sustain the inference that Marachart dominated STC.

To conclude on this point, the best that FESCO has been able to establish is that there is a relationship between STC and Marachart and that Marachart, in its capacity as broker, was involved with the charter of the M/V CHELYABINKS, which is readily admitted. *See*, Raisis Declaration at ¶s 31 to 39 & 40 to 49. That connection, however, is not, and should, never be enough to maintain a prejudgment attachment. *See*, Ullises Shipping Corp. v. FAL Shipping, Co., 415 F.Supp. 2d 318 (S.D.N.Y. 2006)("It is not sufficient [to maintain a Rule B attachment] that FAL Energy and the other FAL Defendants share common ownership.").

## POINT III

### THE PLAINTIFF FESCO's CLAIM FOR ALTER EGO LIABILITY AS AGAINST DEFENDANTS SWORD, AMBIENT AND TOUGH TRADER IS STRETCHED WAY TOO THIN TO MAINTAIN A PREJUDGMENT ATTACHMENT

In the case at hand, the Plaintiff FESCO makes the argument that the allegations contained in the Amended Complaint more than adequately satisfy this Circuit's alter ego pleading requirements ***as to each*** of the Defendants, including, Marachart, Sword, Ambient and Tough Trader. *See*, Memorandum of Law at page 10. With respect to the latter three, however, the allegations are woefully insufficient to support any inference that Sword, Ambient or Tough Trader are alter egos of STC and may ultimately be held liable for the obligations of STC. Instead, the Plaintiff FESCO simply drags them along as being somehow affiliated with Marachart and, then, jumps to the conclusion that they must be alter egos of STC.

5

The FESCO argument jumps way too far to the extent that it would require the district court to pierce through the corporate veil of STC to hold Marachart liable as an alter ego of STC, and then go on to pierce through the corporate veil of Marachart to hold Sword, Ambient and Tough Trader liable as alter egos of Marachart and, then bring things back again, to conclude that Sword, Ambient and Tough Trader are really the alter egos of STC. The complete disconnect between STC and Defendants Sword, Ambient and Tough Trader is glaring in that the Plaintiff's allegations do not provide any basis from which any one could infer that Sword, Ambient or Tough Trader have so dominated and disregarded STC's form that Sword, Ambient or Tough Trader were, rather than STC, conducting STC's business. Accordingly, the FESCO argument fails, and this Court cannot rationally maintain a prejudgment attachment over any property of Sword, Ambient or Tough Trader.

In the Second Circuit, federal common law requires that plaintiff allege ***fraud or domination*** to state a claim for alter ego liability. *See* ITEL Containers Int'l Corp. v. Atlanttrafik Express Service, Ltd., 909 F.2d 698, 703 (2d Cir. 1990); Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 342 (2d Cir. 1986); Wajilam, 2006 U.S. Dist. LEXIS 77033, at *17; N. Tankers (Cyprus) v. Backstrom, 967 F. Supp. 1391, 1398-1401 (D. Conn. 1997) (discussing at length this issue and reaching the same conclusion). The FESCO complaint makes no specific allegation of fraud[2]. Instead, the FESCO position is limited to the proposition that the defendants, other than STC, have used the corporate shell of STC "to transact their own business as they see fit." *See*, Memorandum of Law in Opposition at pg. 12.

The Second Circuit has identified a number of factors that are relevant in evaluating alter ego claims and, in particular, the question of whether one company can be said to have

---

[2] Indeed, neither Ambient nor Tough Trader even existed at the time of the dispute between STC and FESCO arose so it would be incredulous for FESCO to claim that it was defrauded by Ambient or Tough Trader. *See*, Raisis Declaration at ¶ 51.

6

dominated another. The factors are: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities. *See*, MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC, 268 F.3d 58, 63 (2d Cir. 2001); Holborn, 774 F. Supp. at 844 (applying these factors in the admiralty context); Wajilam, 2006 U.S. Dist. LEXIS 77033, at *25 (same).

In the case at hand, the Plaintiff FESCO has restrained the property of the Defendants Sword, Ambient or Tough Trader with the allegation that they may ultimately be held liable to FESCO as the alter egos of the putative Defendant STC. However, none of the above factors are even remotely applicable as between STC, on the one hand, and Sword, Ambient or Tough Trader, on the other. More to the point, there are no allegations in the Verified Complaint that could reasonably be construed as addressing the application of the above alter ego factors as between STC and Sword, Ambient or Tough Trader.

Taking factor one, it is clear from even the Plaintiff's own allegations and evidence that that STC, Marachart, Sword, Ambient and Tough Trader are all separately formed companies under the laws of different countries, *see*, Verified Complaint at ¶s 3 to 8, and the Complaint is absolutely devoid of any allegation that there was a disregard of corporate formalities as between STC and Sword, Ambient or Tough Trader. With respect to the second factor, there is no allegation that Sword, Ambient or Tough Trader played any part in the creation of STC and, therefore, it cannot be said that these companies inadequately capitalized

7

STC. *See generally*, Verified Complaint at Count II. With respect to the third, ninth and tenth factors, the Verified Complaint, and the other supporting evidence presented by FESCO, fails to allege one single instance of any intermingling of funds between STC and either Sword, Ambient or Tough Trader. On the contrary, the only allegation that even touches on this factor is that one that alleges Marachart once made some wire transfers "in care of" Ambient. *See*, Verified Complaint at ¶ 53. There is, however, no allegation that Ambient ever commingled any funds with STC or that Sword or Tough Trader did either.

To address factors four and five, it is true that the Verified Complaint alleges that Sword, Ambient and Tough Trader operated from the same trading address as did Marachart. *See*, Amended Complaint at ¶ 33. However, such an allegation is not only contradicted by the fact that Plaintiff's initial allegations concede that Sword, Ambient and Tough Trader had registered offices in other countries, *see*, Amended Complaint at ¶s 5 to 7, but it misstates the facts to the extent that Marachart concedes that it was managing vessels for Sword, Ambient and Tough Trader. *See*, Raisis Declaration at ¶s 50 to 71 (describing Marachart's relationship with the defendants Sword, Ambient and Tough Trader pursuant to standard ship management contracts in respect of the vessels owned by Sword, Ambient and Tough Trader). As such, the Plaintiff's allegations in this regard do nothing to advance any inference that Sword, Ambient and Tough Trader were using STC in furtherance of their own limited businesses, which was to own vessels.

Turning to factors five, six and seven, the Amended Complaint is once again devoid of any allegations that Sword, Ambient or Tough Trader influenced the discretion of STC to conduct its own business and it is devoid of any allegations that dealings between STC and Sword, Ambient or Tough Trader were not done at arms length. Indeed, the Amended Complaint does not even allege that were any dealings between STC, on the one hand, and

8

Sword, Ambient or Tough Trader, on the other hand. Finally, whereas Plaintiff FESCO alleges that Marachart acted as a guarantor for Sword, Ambient and Tough Trader in connection with a loan facility, *see*, Amended Complaint at ¶ 54, there is no similar allegation, nor can there be, that Sword, Ambient or Tough Trader ever guaranteed the debts of the putative defendant, STC.

Indeed, the plaintiff FESCO rests a great of its argument for alter ego liability against Sword, Ambient and Tough Trader on the allegations that Sword, Ambient and Tough Trader were joint borrowers on a credit facility whereby their own respective vessels were pledged as collateral and Marachart was the "corporate guarantor." *See*, Amended Complaint at ¶s 53 to 56. However, there is no allegation, nor can there be, that STC was in any way involved with that loan for a credit facility secured by physical property of the borrowers. At best, the allegations simply demonstrate that Marachart administered a credit arrangement for the separate vessel owning companies which is consistent with Marachart's function as a manager of the vessels owned by Sword, Ambient and Tough Trader. However, the weakness of the FESCO argument is exposed when it is considered that FESCO is unable to show absolutely any connection between the fact that Sword, Ambient and Tough Trader were joint borrowers and the operation or activities of the putative Defendant STC. The link between STC and Sword, Ambient and Tough Trader is not weak; it is non-existent.

FESCO fails to meet its burden of creating an inference of alter ego liability on the part of Sword, Ambient or Tough Trader because FESCO fails to make any factual allegations that would tend to support the inference that Sword, Ambient or Tough Trader exercised complete domination over STC. Other than the loose conclusory allegation of domination, the Amended Complaint does not even allege that Sword, Ambient or Tough Trader ever paid STC's debts, and much more than that is required. *Cf.*, Wajilam, 2006 U.S. Dist. LEXIS 77033, at *21

9

(denying motion to dismiss when complaint alleged a regular practice of diverting and commingling funds, supported by an affidavit alleging that funds were *always* diverted to the dominant company); *and see*, <u>Dolco Investments, Ltd. v. Moonriver Development, Ltd.</u>, 486 F. Supp. 2d 261, 270 (S.D.N.Y. 2007)(Judge Sweet granted a motion to vacate an attachment against an alter ego defendant, GML, where the plaintiff was only able to point to instances where the alter ego defendant had made payments on behalf of the putative defendant, but could not make any allegation for an intermingling of funds or other alter ego factors.).

## CONCLUSION

The Plaintiff FESCO fails to satisfy the basic requirements to maintain an attachment as against Defendants Marachart, Sword, Ambient and Tough Trader. The plaintiff has not established jurisdiction over the property of Marachart and, therefore, the Court must summarily dismiss the case against Marachart on that ground alone. Apart from that, the attachment cannot stand against Defendants Marachart, Sword, Ambient and Tough Trader because the Plaintiff has not made a proper showing for alter ego liability as against any of those defendants and, most certainly not, against the Defendants Sword, Ambient and Tough Trader who have absolutely no direct connection with the putative defendant STC and there are no factual allegations to support any inference that Defendants Sword, Ambient and Tough Trader intervened, influenced or dominated the business of the Defendant STC.

Dated: Port Washington, New York
March 3, 2008

                                                     CHALOS O'CONNOR & DUFFY, LLP
Attorneys for Defendants
MARACHART SHIPPING CO., LTD.
SWORD TRADING, S.A., AMBIENT
SHIPHOLDING CO., S.A. and TOUGH
TRADER MARITIME PTE LTD.

By: _____
Owen F. Duffy (OD 3144)
366 Main Street
Port Washington, New York, 11050

Tel:     516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com